**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| VINCE C. BYERS, | ) |
| | ) |
|        Movant, | ) |
| | ) |
|   v. | )      No. 4:11-CV-1765 CAS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|        Respondent. | ) |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on movant Vince C. Byers' Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255. The government has responded to the motion. Movant filed a reply memorandum and a "Notification of New and Supporting Authority Under Rule 15(c) F.R.C.P." This matter is ready for decision. For the following reasons, the Motion to Vacate will be dismissed.

**I. Background**

On June 27, 2008, movant was charged by criminal complaint with being a previously-convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). <u>See</u> <u>United States v. Byers</u>, Case No. 4:08-CR-416 CAS (E.D. Mo.). On July 7, 2008, the Federal Public Defender was appointed to represent movant in the criminal case. On August 4, 2008, movant's counsel filed a waiver of his right to file pretrial motions. On January 22, 2009, movant's counsel filed a motion in limine seeking to prohibit the introduction into evidence any out-of-court statements made by Terrell Wheeler or Gregory Antrum, which the Court denied as moot on January 26, 2009 because the government represented that it would not introduce any out-of-court statements by Wheeler or Antrum. The case proceeded to trial on January 26, 27 and 28, 2009. The jury returned a guilty

verdict on January 28, 2009, including special findings that movant was guilty beyond a reasonable doubt of possessing two firearms, a Glock 26, nine-millimeter semi-automatic pistol, and a CZ model 40B, 40 caliber semi-automatic pistol.

On April 9, 2009, movant's counsel filed objections to the Presentence Report ("PSR") and also filed a Sentencing Memorandum, urging the Court to sentence movant to the statutory minimum sentence of 180 months. On April 16, 2009, the Court overruled movant's objections to the PSR, found that movant was an Armed Career Criminal pursuant to 18 U.S.C. § 924(e), and sentenced movant to a term of 180 months imprisonment and a two-year term of supervised release.

Movant timely filed a notice of appeal and asserted two grounds for relief on appeal. First, movant argued that the prosecutor was guilty of misconduct by eliciting testimony about hollow-tipped ammunition and the extended magazine of the Glock firearm and mentioning this during closing argument. Second, movant argued the Court committed plain error by instructing the jury that the length of time each firearm was possessed was not relevant under 18 U.S.C. § 922(g). The Eighth Circuit Court of Appeals rejected both of these arguments and affirmed the judgment of conviction and sentence. See United States v. Byers, 603 F.3d 503 (8th Cir. 2010). Movant petitioned the United States Supreme Court for a writ of certiorari, but the petition was denied on October 4, 2010. See Byers v. United States, 131 S. Ct. 341 (2010). Movant filed the instant motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence on October 11, 2011.

## II. Timeliness

The government's Response to Show Cause Order states that the Supreme Court denied movant's petition for writ of certiorari on November 4, 2010. Response at 3. This is incorrect, as

the petition for writ of certiorari was denied on October 4, 2010.[1]  Byers, 131 S. Ct. 341.  The

government's Response also states that movant's § 2255 motion was timely filed.  Response at 3.

In an action under 28 U.S.C. § 2255, the applicable period of limitation began to run on "the

date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  Where a federal

defendant files a petition for writ of certiorari, as here, the judgment of conviction becomes final on

the date the Supreme Court denies certiorari.  Campa-Fabela v. United States, 339 F.3d 993, 993-94

(8th Cir. 2003) (per curiam).  Movant's § 2255 motion is dated September 21, 2011, but was

received by the Court on October 11, 2011.  The envelope in which the motion was mailed bears an

institutional processing date of October 6, 2011, more than one year after the denial of certiorari.

Movant's motion therefore appears to be untimely unless it is saved by the "prison mailbox rule"

of Rule 3(d) of the Rules Governing Section 2255 Proceedings.[2]

Under these circumstances, the Court finds that the government forfeited but did not make

a knowing and intelligent waiver of the timeliness defense, because the concession of timeliness

---

[1]The October 4, 2010 letter from the Clerk of the Supreme Court to the Clerk of the Eighth
Circuit Court of Appeals, stating that certiorari was denied, was transmitted to this Court by the
Eighth Circuit on November 4, 2010 and docketed the same day.  See Letter, United States v. Byers,
No. 4:08-CR-416 CAS (Doc. 82).

[2]Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District
Courts provides:

> A paper filed by an inmate confined in an institution is timely if deposited in
> the institution's internal mailing system on or before the last day for filing.  If an
> institution has a system designed for legal mail, the inmate must use that system to
> receive the benefit of this rule.  Timely filing may be shown by a declaration in
> compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must
> set forth the date of deposit and state that first-class postage has been prepaid.

Rule 3(d), Section 2255 Rules.

appears to result from an inadvertent error.  See Wood v. Milyard, 132 S. Ct. 1826, 1832 n.4 (2012) (discussing the distinction between "waived" and "forfeited" defenses).  Where a timeliness defense has been forfeited, district courts "are permitted, but not obliged, to consider, sua sponte, the timeliness of a . . . prisoner's habeas petition."  Day v. McDonough, 547 U.S. 198, 209 (2006).

Upon consideration, the Court declines to inquire into the timeliness of movant's § 2255 motion on its own initiative.  Prior to taking such action, the Court would be required to give the parties fair notice and an opportunity to present their positions, and "must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred."  Day, 547 U.S. at 210 (internal quotation marks and quoted case omitted).  Relevant factors include that movant's § 2255 motion has been fully briefed since March 2012, the record does not conclusively establish that the motion is time barred, and the Court concludes movant is not entitled to an evidentiary hearing or habeas relief.  Under these circumstances, the Court finds the interests of justice are better served by addressing the merits as opposed to the timeliness issue.

## III.  Grounds

Movant asserts two grounds for relief in his § 2255 motion.  First, he asserts "structural error due to deficient reasonable doubt instruction."  See § 2255 Motion at 5.  Second, movant argues that he received ineffective assistance of counsel because trial counsel "fail[ed] to object to the court's failure to answer jury's question and allow[ed] the witnesses to perjure themselves on the witness stand."  Id.

## IV. Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

"A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

## V. Discussion

### A. Ground One: Trial Court Instructional Error

In ground one, movant asserts "[s]tructural error due to deficient reasonable doubt instruction." § 2255 Motion at 5. Under "Supporting Facts," movant states: "The court erred in failing to give a special jury instruction on the element of "knowledge/knowing" when requested by the jury; thereby allowing the jury to speculate on the element of "knowing possession" of a weapon in the vehicle." Id. Thus, movant's ground concerning the instructions appears to be two-fold: He takes issue with the "reasonable doubt" instruction, and with the Court's instruction on "knowledge."

Both aspects of movant's first ground are procedurally barred. If a claim could have been raised on direct appeal but was not, it is procedurally defaulted and cannot be raised in a § 2255 motion unless the "defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Becht v. United States, 403 F.3d 541, 545 (8th Cir. 2005) (quoting Bousley v. United States, 523 U.S. 614, 622 (1998) (internal quotations and citations omitted)); see also Massaro v. United States, 538 U.S. 500, 504 (2003). Movant's first ground could have been raised on direct appeal, but was not. Movant has not asserted cause and prejudice for his failure to raise these trial court error claims on direct appeal, nor does he assert actual innocence. As discussed below, the Court concludes that trial counsel was not ineffective on the related ground of "failing to object to the court's failure to answer jury's questions," § 2255 Motion at 5, and therefore movant cannot show cause and prejudice. See Becht, 403 F.3d at 545. Movant's claims of trial court error in ground one are therefore procedurally barred and should be dismissed.

B. Ground Two: Ineffective Assistance of Counsel

In ground two, movant asserts that he received ineffective assistance of counsel. Specifically, movant claims that counsel was ineffective for "failing to object to the court's failure to answer jury's question and allowing the witnesses to perjure themselves on the witness stand." See § 2255 motion at 5. This is the totality of movant's second claim for relief as set forth in his § 2255 motion.

A movant faces a "heavy burden" to establish ineffective assistance of counsel in the context of section 2255. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, a movant must show both that (1) counsel's performance was deficient, and (2) he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). A court

6

may address the two prongs in any order, and if the movant fails to make a sufficient showing of one prong, the court need not address the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

Under the deficient performance inquiry of Strickland, a court considers whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir. 2000) (quoting Strickland, 466 U.S. at 688). It is presumed that counsel acted reasonably, and much deference is granted to counsel's performance. Id.; see Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir. 1998). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 U.S. at 690.

Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Because the failure to establish prejudice can be dispositive of a case," this Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d at 1076 (citations omitted). Statements that are self-serving and unsupported by evidence do not establish a basis for relief under section 2255. Id. at 1077.

The Court will address the two aspects of movant's ineffective assistance of counsel ground separately.

### 1. Failure to Object to the Court's Failure to Answer the Jury's Question

During jury deliberations, the jury sent the Court a note asking the following question: "Does the driver of the vehicle have to know the person has a gun?" See Trial Tr. vol. III, 84. When the Court received the note, it did not call the attorneys to the courtroom to discuss the note

but instead responded to jury by stating: "You got all the instructions and you must be guided by it [*sic*]." Id. After the jury returned its verdict, the jury was dismissed by the Court. Id. The Court informed the attorneys that it had received the note from the jury after it dismissed the jury. The Court told the attorneys what the note said and explained the Court's response. The Court stated there was "[n]o point calling you [the attorneys] up and wasting time. But in any event, there that was. I just wanted to inform you of that." Id.

Movant contends that his attorney was constitutionally ineffective for "failing to object to the court's failure to answer jury's question." § 2255 Motion at 5. Movant's claim fails because movant can meet neither the "performance" nor the "prejudice" prong of the Strickland analysis.

As a threshold matter, contrary to movant's argument, the Court did respond to the jury's question. The Court informed the jury that they had the instructions and were to be guided by those instructions. Therefore, counsel was not constitutionally inadequate for failing to object to "the court's failure to answer jury's question." If movant's argument is construed as arguing that counsel was ineffective for failing to object to the manner in which the Court responded to the jury's question, that claim also fails. The Court did not inform the attorneys about the jury's note until after the jury returned its verdict and was dismissed. At that point, no practical purpose would have been served by counsel objecting to the manner in which the Court responded to the jury's question. Counsel's failure to object to the manner in which the Court responded to the jury's question therefore does not meet the "performance" prong of the Strickland analysis.

Even if counsel's failure to object was did rise to the level of constitutionally inadequate representation pursuant to Strickland, movant's claim would still fail because he has failed to establish how he was prejudiced. The only benefit to movant if counsel had objected to the manner in which the Court responded to the jury's question would have been to preserve the issue for a

proper review, as opposed to plain error review, on direct appeal. Movant did not raise this issue on appeal, however, so the lack of objection had no bearing on his appeal. As a result, movant cannot establish that the outcome of his criminal proceedings, whether at trial or on direct appeal, would have been different had counsel objected. Movant therefore cannot meet the "prejudice" prong of the <u>Strickland</u> analysis and his claim fails.

## 2. *Allowing the Witnesses to Perjure Themselves*

The second aspect of movant's claim of ineffective assistance of counsel is the assertion that counsel was ineffective for "allowing the witnesses to perjure themselves on the witness stand." Movant's § 2255 motion does not identify the witness or witnesses to whom he is referring, or identify the testimony he believes was perjured. Movant also fails to explain how defense counsel "allowed" these witnesses to perjure themselves. Movant therefore failed to articulate any facts to support this aspect of his claim of ineffective assistance of counsel. General and conclusory allegations are insufficient to support a claim for ineffective assistance of counsel. See <u>Hill v. Lockhart</u>, 474 U.S. 52, 57-59 (1985); <u>Estes v. United States</u>, 883 F.2d 645, 647 (8th Cir. 1989) (conclusory allegation was insufficient to rebut strong presumption of counsel's competence); <u>United States v. Goodman</u>, 590 F.2d 705, 711 (8th Cir.1979) (holding that conclusory allegations unsupported by specific facts may be summarily dismissed).

In his Reply memorandum, however, movant expands on this ground as follows:

> The movant asserts that his constitutional rights where violated by the court and the government. The court allowed the government to present evidence, (like the hand gun) in which the experts stated that the guns was [*sic*] in working condition when test fired. However, on [the] stand one of the officer's [*sic*] stated that the .40 Caliber was jammed, there's no way possible when a gun jam [*sic*] that you will find a bullet on the outside of the firearm. The movant's attorney refused to ask those type of questions during trial and allowed the witness to commit perjury upon themselves on the stand. Officer Strohmeyer stated that he secured the firearm, and then officer Reed stated that he secured the firearm. Even Linda Russo; Tr.III pg.21 line 17-19, 24-25 pg.22 question 21-22. Terrell Wheeler, Tr.III pg.40 line 16-

9

19, 23-25 pg.41 line 22-23. States completely different than what the officer's [*sic*] both stated. Officer Hardwood [*sic*] lied about the description of the suspect over the dispatch radio, "**black male in an orange shirt**" is all the dispatch gave in reference to the suspect.

Reply at 2.

The allegations in movant's Reply are vague and conclusory and fail to indicate which of the named and unnamed witnesses committed perjury, or in what manner. The Court has reviewed the transcript portions identified by movant and cannot discern any relationship between the identified testimony by witnesses Russo and Wheeler and any of the assertions made in the quoted paragraph above. Movant's conclusory assertion that his attorney "refused to ask those type of questions during the trial" fails to identify what questions should have been asked, and of which witnesses. Further, movant fails to articulate how he was prejudiced by any of the allegedly perjured testimony.

Movant alleges that an unidentified expert testified falsely that the two guns were in working condition and were test fired, because one officer testified one of the guns was jammed when it was found. Movant's argument that "there's no way possible when a gun jam [*sic*] that you will find a bullet on the outside of the firearm," is unsupported, self-serving, and makes little sense. More importantly, movant's argument is not relevant to the issue in the underlying case: whether movant was a previously-convicted felon who knowingly possessed either firearm. Movant does not explain how he was possibly prejudiced by the expert testimony concerning test firing of the guns.[3]

Finally, movant's assertion that Officer Harwood lied about the description of the suspect that was broadcast over the dispatch radio is conclusory and subject to summary dismissal because

---

[3]The instructions given to the jury defined "firearm" as "any weapon which will or is designed to or may be readily converted to expel a projectile by the action of an explosive." See Jury Instruction No. 14, United States v. Byers, No. 4:08-CR-416 CAS (Doc. 49).

it fails to state how Officer Harwood's testimony was false. Movant also fails to explain how he was possibly prejudiced by the allegedly false testimony.

Movant therefore cannot establish either that his counsel's performance was ineffective or that the outcome of his criminal proceedings would have been different had counsel asked questions of witnesses to expose alleged perjury. Movant does not meet either prong of the Strickland analysis and his claim fails.

### C. New Grounds Raised in Reply

Movant's reply raises several new grounds for habeas relief. The government did not seek leave of Court to respond to either the merits or the timeliness of the new grounds, and the Court did not order the government to respond. The Court has reviewed these grounds and finds that petitioner is not entitled to an evidentiary hearing or to habeas relief on any of the new grounds.

First, movant alleges a claim of ineffective assistance of appellate counsel:

> The movant asserts that he received ineffective assistance for his attorney failing to object to the court's failure to answer jury question which lead [*sic*] to his conviction. By refusing to submit the citiation [*sic*] of supplement [*sic*] authority pursuant to F.R.A.P. 28(j), along with his direct appeal. See Begay v. United States, (2008) 170 L. Ed. 2d 490.

Reply at 1. General and conclusory allegations are insufficient to support a claim for ineffective assistance of counsel. Hill, 474 U.S. at 57-59. Because this ground is vague and conclusory, the Court will summarily dismiss it. See Goodman, 590 F.2d at 711 (holding that conclusory allegations unsupported by specific facts may be summarily dismissed).

Second, movant alleges prosecutorial misconduct. This is the entirety of his argument:

> Also see, United States v. Bass, 30 L.Ed.2d 488 (1971). In Bass; the court was held for prosecutor [*sic*] misconduct. The movant ask[s] that the court look into his trial transcripts p. 47 II 6-14, as well as other parts of his transcripts.

Reply at 1. This ground is subject to dismissal as procedurally barred, because it could have been raised on direct appeal but was not, and movant does not assert cause and prejudice to excuse that failure or actual innocence. See Becht, 403 F.3d at 545.

Even if the ground were not procedurally barred, a review of the cited portion of the transcript conclusively establishes that no prosecutorial misconduct occurred, as movant's trial counsel merely objected to the prosecutor's leading question to a witness. Movant's request that the Court "look into his trial transcripts" for misconduct is not a ground for relief and is denied. "District judges have no obligation to act as counsel or paralegal to *pro se* litigants." Pliler v. Ford, 542 U.S. 225, 231 (2004),

Finally, movant appears to allege a claim of trial court error, prosecutorial misconduct, and/or ineffective assistance of counsel with respect to an unspecified defect in the indictment:

> The government allowed the court to keep the indictment as the way it was, when it was supposed to had [*sic*] been remand [*sic*] and/or revised. It never was and the court still continued trial. See TR.I pg.4 line 16-21 where Ms. McCarthy never asked or argued about the movant's right's [*sic*] being restored, because the movant was a registered voter in Fulton, MO. By this the movant's right was violated and his conviction should be remanded and his sentence should be dismissed.

Reply at 2. This ground is subject to dismissal as procedurally barred, because it could have been raised on direct appeal but was not, and movant does not establish either cause and prejudice to excuse that failure or actual innocence. See Becht, 403 F.3d at 545.

Even if this ground were not procedurally barred, it is without merit and would not entitle movant to an evidentiary hearing or to habeas relief. The trial transcript reflects the following discussion between the Court and counsel before the jury was brought to the courtroom:

> MR. REA: Judge, I have one additional issue. Ms. McCarthy and I talked about before Your Honor came out on the bench. And I guess I want to clarify it. At some point will you read to the jury the indictment in this case or is that something that you will ask me to do?

THE COURT: I'll read it.

MR. REA: The indictment in this case, the way it was drafted actually sets forth one of Mr. Byers' prior convictions by name, by court, and I believe case number. And Ms. McCarthy and I would like to provide to the Court sort of a revised or redacted rendition of that that takes out that information –

THE COURT: Sure.

MR. REA: -- so the jury -- we have an <u>Old Chief</u> stipulation. So all the jury is going to hear is that he has been previously convicted of a felony crime.

THE COURT: Okay.
MR. REA: That copy is on the way down and as soon as I get it, I'll give it to the Court.

THE COURT: That will be fine.

MR. REA: I don't have any other pretrial matters, Your Honor.

MS. McCARTHY: Neither do I.

Trial Tr. vol. I, 4:10–5:7.

The Court subsequently read the new, stipulated indictment to the jury, which stated in pertinent part that movant had been previously convicted of one or more felony crimes. Trial Tr. vol. I, 8:7-18. In contrast, the original indictment specified that movant had been convicted in Cole County Circuit Court, Cause No. Cr 383-45FX, of the offense of offering violence to an inmate. <u>See</u> Indictment, <u>Byers</u>, No. 4:08-CR-416 (Docs. 7, 8). Movant's assertion that the indictment was not revised is therefore conclusively refuted by the record. In addition, movant's unsupported, self-serving assertion that he was not a convicted felon because his voting rights had been restored is conclusively refuted by the recitation of his criminal history in the Presentence Investigation Report ("PSR"). <u>See</u> PSR, <u>Byers</u>, No. 4:08-CR-416 (Doc. 67).

For these reasons, the grounds raised in movant's Reply should be dismissed.

D.  Movant's "New and Supporting Authority Under Rule 15(c), F.R.C.P."

The Court has considered the argument and cases cited in movant's "Notification of New and Supporting Authority Under Rule 15(c), Fed. R. Civ. P." [Doc. 12], and finds that nothing therein establishes that movant is entitled to an evidentiary hearing or habeas relief.

## VI.  Conclusion

For the foregoing reasons, the Court concludes that all of the grounds asserted in movant's motion under 28 U.S.C. § 2255 are procedurally barred, without merit, or both.

Accordingly,

**IT IS HEREBY ORDERED** that movant Vince C. Byers' Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is **DENIED**.  [Doc. 1]

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the claims raised in movant's § 2255 motion.  See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Miller-El v. Cockrell, 537 U.S. 322, 342 (2003).

An order of dismissal will accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   24th   day of January, 2014.